**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| Charles Eugene Strang, | ) | |
| | ) | Civil Action No. 8:13-cv-02834-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Charles Eugene Strang ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. § 405(g). This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) D.S.C. (ECF No. 25.)

The Magistrate Judge recommended affirming the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). (*Id.* at 37.) Plaintiff timely filed objections to the Magistrate Judge's recommendation. (ECF No. 31.) For the reasons set forth below, the court **ACCEPTS IN PART AND REJECTS IN PART** the Magistrate Judge's Report and Recommendation and **REVERSES** the final decision of the Commissioner denying Plaintiff's claim for DIB pursuant to sentence four (4) of 42 U.S.C. § 405(g) and **REMANDS** the case to the Commissioner for further proceedings consistent with this decision.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A thorough recitation of the relevant factual and procedural background of this matter is

1

discussed in the Report and Recommendation. (*See* ECF No. 25.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual and procedural summation is accurate and incorporates it by reference. The court will only reference herein facts pertinent to the analysis of Plaintiff's claims.

Plaintiff was born on January 21, 1962, and is presently 53 years old. (ECF No. 11-5 at 3.) On March 31, 2010, Plaintiff filed an application for DIB, alleging a disability onset date of January 15, 2008, due to severe impairments of back pain, positive straight leg raise-bilateral, radiculopathy, degenerative disc disease, spinal stenosis, facet arthropathy, facet hypertrophy, single level far advanced disk deterioration, anterior lumbar interbody fusion, bilateral leg pain, thigh pain-right, tingling in feet-bilateral, internal derangement-right knee, knee pain-bilateral, right knee edema, chrondromalacia patella-left knee, hip pain-bilateral, leg numbness-bilateral, reduced range of motion knees-bilateral, degenerative joint disease-bilateral knees and arthritis, foot pain, prior surgeries-left knee, and neck pain and mental impairment of depression. (ECF Nos. 11-5 at 3; 11-6 at 59.) Plaintiff's claim was denied on August 20, 2010, and again on reconsideration on February 28, 2011. (ECF No. 11-4 at 2, 8.) On March 9, 2012, Plaintiff had a hearing before an Administrative Law Judge ("ALJ"), who found on June 12, 2012, that Plaintiff is not disabled under §§ 216(i) and 223(d) of the Social Security Act. (ECF No. 11-2 at 21, 31.) Thereafter, the Appeals Council denied Plaintiff's request for review on August 16, 2013, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (*Id.* at 2.)

Subsequently, on October 17, 2013, Plaintiff commenced this action in the United States District Court for the District of South Carolina pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for DIB. (ECF No. 1.)

On February 11, 2015, the Magistrate Judge issued her recommendation that the court affirm the Commissioner's final decision denying Plaintiff's claim.  (ECF No. 25.)

In the Report and Recommendation, the Magistrate Judge found that the ALJ evaluated the medical opinions properly under 20 C.F.R. § 404.1527, and "that she adequately indicated and explained the weight she assigned to the opinions based on the medical records as a whole." (*Id.* at 26-27.)  Further, the Magistrate Judge found the weight given by the ALJ to each opinion was supported by substantial evidence.  (*Id.* at 27-29.)  With regard to Plaintiff's credibility, the Magistrate Judge found, "the ALJ conducted the proper credibility analysis and cited substantial evidence to support her finding that Plaintiff's subjective complaints were not entirely credible." (*Id.* at 33.)  The Magistrate Judge found that Plaintiff's argument that the ALJ had failed to perform the two-step credibility analysis was without merit.  (*Id.*)  Finally, the Magistrate Judge found no error in the ALJ's reliance on the vocational expert's testimony in making her determination.  (*Id.* at 37.)

Plaintiff timely filed objections to the Magistrate Judge's recommendation on March 13, 2015.  (ECF No. 31.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976).  The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error.  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis,* 718 F.2d 198,

200 (4th Cir. 1983); *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch,* 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson,* 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen,* 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek,* 438 F.2d at 1157–58.

Plaintiff makes two objections: (1) that the Magistrate Judge erred in finding the ALJ had properly weighed the medical source opinions, and (2) that the ALJ did not perform a complete two-step analysis in regard to Plaintiff's credibility. (ECF No. 31.)

### A.  Weight of Medical Source Opinions

Plaintiff makes several points within his first objection, largely taking the form of disagreeing with the ALJ's findings.  Plaintiff argues he has fulfilled his burden of showing disability "three times over by providing three opinions that establish an RFC for less than full-time work."  (ECF No. 31 at 1.)  Plaintiff further argues that the Magistrate Judge failed to explain how the opinion of physical therapist Paula Bolton that Plaintiff could not tolerate an 8-hour day "is consistent with the RFC [Residual Functional Capacity ('RFC')], which requires tolerating an 8-hour day of work."  (*Id.* at 2-3.)  Additionally, Plaintiff argues that the ALJ's reliance on Social Security Ruling 96-5p "is not supported by the evidence."  (*Id.* at 3-4.)

First, Plaintiff misapprehends how he must meet his burden.  Simply presenting opinions that support his assertion he is disabled does not prove his case.  This is why the ALJ weighs the opinions—to decide how much consideration they should be given.  Had the ALJ found these opinions to be worth great or controlling weight, they would have served to meet Plaintiff's burden.  However, the ALJ afforded them little weight, and found they did not establish a finding of disability.  (ECF No. 11-2 at 28-29.)  Plaintiff fails to present evidence as to why the ALJ's evaluation was flawed or why these opinions should have been given greater weight.   Further, the fact that the ALJ did not find the opinions worth great weight explains the inconsistency between the opinion and the ALJ's RFC determination.  Had the ALJ found the opinion that Plaintiff could not tolerate an 8-hour day to be worth great weight, but still found Plaintiff not disabled, an inconsistency would be present that would require explanation.  Finally, SSR 96-5p states that opinions by medical sources that offer opinions about whether a plaintiff is disabled are not entitled to controlling weight, as that is a determination to be made by the Commissioner.  As the Magistrate Judge noted, "[b]ased on this regulation, Dr. Moore's opinion that Plaintiff is

5

disabled is not entitled to controlling weight." (ECF No. 25 at 29.) Plaintiff makes no argument to refute this, but argues that "this opinion is not based solely on work-related terms that are not supported by objective medical evidence as the ALJ suggests." (ECF No. 31 at 3.) Plaintiff fails, however, to point to specific reasons why the ALJ should have afforded this opinion more weight, simply noting that this opinion concurs with another. (*Id.*) As such, Plaintiff fails to show why the findings of the Magistrate Judge or ALJ were improper in this regard.

Plaintiff, however, does make a valid argument the ALJ did not properly evaluate the weight given to the medical source opinions. Plaintiff argues the ALJ failed to consider all the factors under 20 C.F.R. § 404.1527(c) when explaining the weight given to each medical source. (*Id.* at 2.) Six factors are to be considered when giving weight to medical source opinions: (1) examining relationship ("[g]enerally, we give more weight to the opinion of a source who has examined you than the opinion of a source who has not examined you"), (2) treatment relationship, including length of treatment relationship, frequency of examination, and the nature and extent of the treatment relationship, (3) supportability ("[t]he more a medical source presents relevant evidence to support an opinion… the more weight we will give that opinion"), (4) consistency, (5) specialization, and (6) other factors. When considering how to weigh medical opinions, ALJs are to consider all of the factors. 20 C.F.R. § 404.1527(c). Although the ALJ occasionally touches briefly on supportability ("Dr. Moore has not articulated any functional limitations that would prevent the claimant from performing sedentary work in either of his evaluations of the claimant"), consistency ("the determination of the state medical consultants… are somewhat consistent with the objective evidence"), and specialization ("there is no indication of any vocational expertise"), the other factors are notably absent from the ALJ's analysis. As such, a more detailed and complete analysis of the weight given to the medical sources' opinions

is necessary, and the court therefore declines to adopt the Magistrate Judge's recommendation on this point and remands this case for further proceedings.

## B. Credibility

For his second objection, Plaintiff argues that the ALJ did not perform the requisite two-step analysis in regard to Plaintiff's credibility, as required.   (ECF No. 31 at 4.)   When determining credibility, "[f]irst, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged."   *Craig v. Chater,* 76 F. 3d 585, 594 (4th Cir. 1996) (citing 20 C.F.R. §§ 416.929(b), 404.1529(b).).   Once the threshold determination has been met, the intensity and persistence of the plaintiff's pain is then evaluated.   *Id.* at 595.   "Under the regulations, this evaluation must take into account not only the claimant's statements about her pain, but also 'all the available evidence,' including the claimant's medical history, medical signs, and laboratory findings."   *Id.* at 595.   "Credibility is the providence of the ALJ."   *Hamilton v. Sec'y of Health & Human Servs.,* 961 F.2d 1495, 1499 (10th Cir. 1992).   When an ALJ has given specific, legitimate reasons for disbelieving a plaintiff's testimony, the reviewing court should "generally treat credibility determinations made by an ALJ as binding upon review."   *Gossett v. Bowen,* 862 F.2d 802, 807 (10th Cir. 1988).

Contrary to Plaintiff's objections, the ALJ specifically conducted the two-step analysis. The ALJ first notes that she found "the claimant's medically determinable impairments could possibly cause the alleged symptoms."   (ECF No. 11-2 at 28.)   The ALJ then proceeds to evaluate multiple points of evidence to determine whether Plaintiff's claims appear credible.   (*Id.* at 28-29.)   Plaintiff's objections are more a disagreement with the ALJ's conclusion, rather than

a valid objection to the ALJ's analysis method.  As such, the court agrees with the Magistrate Judge that the ALJ properly conducted the credibility analysis, and "cited substantial evidence to support her finding that Plaintiff's subjective complaints were not entirely credible"  (ECF No. 25 at 33), and adopts the Magistrate Judge's recommendation on this point.

## C.  Credibility

Finally, Plaintiff makes no objection to the portion of the Magistrate Judge's report regarding the ALJ's reliance on the vocational expert's testimony.  In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby*, 718 F.2d at 199. Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d at 315. Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). The court finds no clear error and adopts the Magistrate Judge's finding on this point.

### III. CONCLUSION

For the reasons set forth herein, the court **ACCEPTS IN PART AND REJECTS IN PART** the Magistrate Judge's Report and Recommendation (ECF No. 25) and **REVERSES** the final decision of the Commissioner denying Plaintiff's claim for DIB pursuant to sentence four (4) of 42 U.S.C. § 405(g) and **REMANDS** the case to the Commissioner for further proceedings consistent with this decision.

**IT IS SO ORDERED.**

United States District Judge

March 31, 2015
Columbia, South Carolina